IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL FINKELBERG and KAREN GAUGG, | § § § | |
| Plaintiffs, | § | |
| vs. | § | Civil Action No. 3:21-CV-1828-E-BH |
| UBS REALTY INVESTORS LLC, et al., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are *Defendants UBS Realty Investors, LLC's Motion to Dismiss and Brief in Support*, filed August 12, 2021 (doc. 9), and *Plaintiffs' Motion for Leave to Amend and Remove to State Court*, filed August 18, 2021 (doc. 15), which includes a motion for sanctions. Based on relevant filings and applicable law, the plaintiffs' motion for leave to amend is **GRANTED**, their motion to remand should be **GRANTED**, the motion for sanctions should be **DENIED**, and the defendants' motion to dismiss should be **DENIED as moot**.

## I.   BACKGROUND

Russell Finkelberg (Finkelberg) and Karen Gaugg (Gaugg) (collectively, Plaintiffs) sue UBS Realty Investors LLC (UBS) and Universal Protection Service, LP d/b/a Allied Security Services (Allied) (collectively, Defendants) based on events which occurred at a local mall after they were questioned by security officers about their lack of face masks and detained. (*See* doc. 6-4 at 1-3.)[2]

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations refer to the CM/ECF system page number at the top of each page, rather than the page numbers at the

Plaintiffs claim that on February 27, 2021, they were business invitees at the Dallas Galleria (Mall), Defendants' alleged "place of business," when they were approached by an off-duty investigator for the Dallas County District Attorney's Office, who was "wearing his police uniform and jacket emblazoned with 'Police'" (Officer). (*See id.* at 2.) Officer questioned them about their lack of face masks, and Finkelberg responded that they had medical exemptions under the Americans with Disabilities Act (ADA). (*See id.*) Officer allegedly told Plaintiffs that they "were on private property and had no federal rights," and he "followed and harassed" them while communicating with Mall security by radio. (*See id.*) Plaintiffs claim that Officer got in Finkelberg's face without cause, escalated the situation even though Finkelberg said he was leaving, and prevented Finkelberg from calling 911 by handcuffing him. (*See id.* at 2-3.) A security officer separated Gaugg from Finkelberg, and both were detained until the Mall security supervising officer arrived. (*See id.* at 2.) The Mall security supervising officer advised Plaintiffs that they were free to use the Mall if they wore masks, and he forced them to put on masks and escorted them out of the Mall despite being told by Finkelberg that their "federal rights" were being violated. (*See id.*)

According to Defendants, between March 2, 2021, and July 16, 2021, Finkelberg emailed them concerning the Mall incident and specifically alleged violations of his and Gaugg's "ADA rights," "federal rights," and 42 U.S.C. § 1983. (*See* doc. 35-1 at 6-9, 12.)

On July 15, 2021, Plaintiffs filed this *pro se* action against Defendants in County Court at Law No. 3 in Dallas County, Texas. (*See* doc. 6; doc. 6-2; doc. 6-4; doc. 6-5.) Their three-page state court petition describes their causes of action in two sentences:

---

bottom of each filing.

> Defendant's agents, servants and employees, who were acting in the course and scope of their employment, intentionally harassed and violated the federal rights of Plaintiffs. Further, the crimes of false imprisonment and prevented from dialing 911 were committed against Mr. Finkelberg.

(*See* doc. 6-4 at 3.) As a result, Plaintiffs allege, they "were mentally and emotionally scarred and embarrassed[,] proximately causing damages which are within the jurisdictional limits of the court." (*See id.*)

UBS was served with process on July 19, 2021. (*See* doc. 6-9.) With Allied's consent, it removed the lawsuit to federal district court on August 5, 2021, on grounds of federal question jurisdiction arising from Plaintiffs' assertions of an ADA medical exemption and violation of their "federal rights." (*See* doc. 1 at 3-4; doc. 6.) On August 12, 2021, UBS moved to dismiss Plaintiffs' original petition for failure to state a claim, and Allied joined in the motion on August 16, 2021. (*See* doc. 9; doc. 12.)

On August 19, 2021, Plaintiffs moved to amend their original petition and to "remove" the action to state court. (*See* doc. 15.) They seek to add a new defendant and to clarify that the amount in controversy is less than $75,000, and that they are not making any ADA claims. (*See id.* at 1, 4.) They also moved to sanction Defendants' counsel for allegedly harassing them, attempting to embarrass and humiliate them in the motion to dismiss, attempting to mislead and deceive the Court to obtain an expedited dismissal of the case, and seeking attorney's fees against them. (*See* doc. 15 at 1-3.) Defendants filed a response, and Plaintiffs filed a reply. (*See* doc. 35; doc. 37.)

## II.  MOTION FOR LEAVE TO AMEND

Plaintiffs seek leave of court to file their first amended complaint as a matter of right to "clarif[y]" that they are not asserting any federal claims and that "the 'amount-in-controversy' is under $75,000," and to add a new defendant based on new information. (*See* doc. 15 at 1; doc. 15-

3

1 at 3; doc. 37 at 13.) Defendants respond that Plaintiffs' motion should be denied based on futility and bad faith. (*See* doc. 35 at 4.)

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with either written consent of the opposing party or leave of court, which should be given freely when justice requires. Fed. R. Civ. P. 15(a)(2). Rule 15 evinces a bias in favor of amendment, and a court's discretion to grant leave is severely limited by this bias. *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *See Foman v. David*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, Plaintiffs filed this *pro se* action in state court on July 15, 2021, and Defendants removed it on August 5, 2021. They then moved to dismiss under Rule 12(b)(6) on August 12, 2021, and Plaintiffs filed their motion for leave to amend on August 19, 2021, just seven days later. Plaintiffs are correct that amendment of their state court petition is permitted as a matter of right under Rule 15(a)(1), and leave of court under Rule 15(a)(2) is not required. Consideration of

4

whether there is a substantial reason to deny leave to amend based on bad faith is therefore also not required. The motion for leave to amend is **GRANTED**, and the motion to dismiss the state court petition should be **DENIED AS MOOT**. *See Becker v. McDonald et al.,* No. SA-16-CV-0842-RCL, 2017 WL 6403055, at *1 (W.D. Tex. Sept. 22, 2017) (construing *pro se* motion for "leave to amend rather than one to amend as a matter of course," granting it, and denying motion to dismiss original complaint as moot); *see also Smith v. Dodeka, LLC*, No. 4:09-CV-366-Y, 2009 WL 10705111, at *1 (N.D. Tex. Sept. 29, 2009) (denying motion for leave to file amended complaint as moot because leave of court to amend was not required, and also denying motion to dismiss original complaint as moot).

### III.     MOTION TO REMAND

Plaintiffs assert that this case should be remanded because they have amended their complaint to clarify that they are not asserting any federal claim. (*See* docs. 15, 15-1, 37.) Defendants object on grounds that voluntary amendment of the complaint to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction. (*See* doc. 35 at 5-6.)

"'[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction.'" *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (quoting *Louisiana v. Am. Nat. Prop. & Cas. Co.,* 746 F.3d 633, 636 (5th Cir. 2014)). A plaintiff may not amend away the basis for federal jurisdiction to defeat removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995); *see also Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994) (noting that post-removal amendment to delete all federal claims, leaving only pendent state claims, does not divest a federal court of properly triggered subject matter jurisdiction). It is well established

5

that a federal court retains jurisdiction over a properly removed case even if the federal claims are subsequently dropped, deleted, eliminated or dismissed. *Spear Marketing, Inc.*, 791 F.3d at 592-93 (citations omitted).

Here, Plaintiffs' original state court petition expressly alleged violation of their "federal rights" and specifically referenced the ADA. (*See* doc. 6-4 at 3.) It also alleged that the violation of their federal rights was committed, at least in part, by a uniformed police officer; together, these *pro se* allegations could reasonably be liberally construed as alleging a cause of action under 42 U.S.C. § 1983. (*See id.*) Because the petition presented a federal question on its face, the case was properly removed under 28 U.S.C. § 1446.

A.   **Existence of Federal Claim**

Defendants contend that Plaintiffs' amended complaint continues to assert federal claims because it refers to violation of their rights and continues to plead that Officer was wearing a police uniform, that Finkelberg told Officer he and Gaugg had medical exemptions under the ADA to the face mask requirement, that Officer responded they had no federal rights on private property, and that Defendants' employees were acting in the course of their employment when they harassed, falsely imprisoned, and violated the rights of Plaintiffs. (*See* doc. 35 at 9-10.)

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This requires "a well-pleaded complaint [to] establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). To determine whether resolution of a substantial

6

question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

In support of their claim that Plaintiffs continue to plead an ADA claim because their amended complaint references the ADA, Defendants rely on *Leaumont v. City of Alexandria*, 582 F. App'x 407 (5th Cir. 2014). (*See* doc. 35 at 10.) In that case, however, the court noted that the petition expressly alleged that the defendant's actions were a violation of state law *and* the ADA, and that no other claims were mentioned. *See* 582 F. App'x at 409-10. Here, although Plaintiffs' amended complaint repeats Finkelberg's initial response to Officer that he and Gaugg had medical exemptions under the ADA, it specifically alleges that Officer and the supervising security officer violated an executive order issued by the Governor of the State of Texas. (*See* doc. 5-1 at 3-4.) It does not in cite the ADA or any other federal law as a basis for their claims. (*See id.*) Unlike the petition in *Leaumont*, it also alleges other state law claims, such as negligence and false imprisonment. (*See id.*)

Although the amended complaint also repeats the description of Officer's attire, Plaintiffs do not cite § 1983 as a basis for their claims. Defendants rely heavily on Finkelberg's pre-suit correspondence regarding potential claims under § 1983 as evidence of Plaintiffs' intent to assert federal claims. While Plaintiffs may have threatened to assert § 1983 claims in their pre-suit demands, they were not required to pursue their threatened claims, and they did not expressly assert § 1983 claims in their amended complaint. The correspondence demonstrates Plaintiffs' awareness of their rights under that federal statute, and the failure to expressly assert those claims

7

in their amended complaint reflects a deliberate choice. Defendants have not shown that federal law creates Plaintiffs' causes of action in their amended complaint, or that their right to relief depends on resolution of a substantial question of federal law. By their amendment, Plaintiffs have dropped or eliminated all federal claims.

**B.      Discretion to Remand**

As noted, the Court retains jurisdiction over Plaintiffs' supplemental state claims despite their amendment to drop, delete or eliminate any federal claims. *See Hook*, 38 F.3d at 779-80.[3] Nevertheless, federal district courts have "'discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain.'" *See id.* at 780 (quoting *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988))); *see also Moon v. City of El Paso*, 906 F.3d 352, 360-61 (5th Cir. 2018) (same); *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 339 (5th Cir. 1999) (noting that federal courts may in their discretion remand supplemental state law claims when the claims that provided the basis for removal have been dismissed). In fact, when all federal claims are dismissed prior to trial, the general rule in this circuit is to decline the exercise of jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (citations omitted); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute," however. *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted).

---

[3] Under 28 U.S.C. § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiffs' state law claims are based on the same underlying events and form part of the same case or controversy as their federal claims, so supplemental jurisdiction exists over them.

Rather, courts' discretion is wide. *See Moon*, 906 F.3d at 360; *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In exercising this discretion, courts look to the statutory factors in § 1367(c)(3), including (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. *Enochs*, 641 F.3d at 158-59 (citing § 1367(c)(3) and *United Mine Workers*, 383 U.S. at 726-27). They also look to the common law factors of judicial economy, fairness, convenience, and comity. *Id.; see also Moon*, 906 F.3d at 360-61; *LaPorte Constr. Co.*, 805 F.2d at 1257; *Giles,* 172 F.3d at 339. "[N]o single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

On balance, the statutory factors favor remand of this case. Plaintiffs' state claims based on the alleged violation of the Texas Governor's executive order regarding mask mandates in the midst of a global pandemic are novel and substantially predominate over the "non-existent federal claims," and they dropped their federal claims in their amended complaint. *See Enochs*, 641 F.3d at 159.[4] The common law factors also weigh in favor of remand. Plaintiffs amended their complaint very early in the litigation, so there has been no expenditure of a substantial amount of federal judicial resources in reviewing the pleadings and researching the legal issues involved. *See id.* (citing *LaPorte Constr. Co.*, 805 F.2d at 1257); *see also McCall v. Peters*, No. CIV.A. 3:00-

---

[4] In *Enochs*, the Fifth Circuit noted that amendment of a complaint to delete federal claims was "not a particularly egregious form of forum manipulation, if it is manipulation at all." 641 F.3d at 160.

CV-2247-D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd* 108 F. App'x. 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources that it has spent adjudicating the case). It is "certainly fair" to have the remaining state law claims heard by a Texas state court, and Defendants have not argued that they would be prejudiced by a Texas state court hearing the remaining state claims. *See id.* at 160. The convenience factor appears neutral. Comity favors remand because, as discussed, state law governs Plaintiffs' remaining claims under the Governor's executive order, and for negligence and false imprisonment. *See Giles,* 172 F.3d at 339; *Moon*, 906 F.3d at 360-61 (remanding case for determination of whether to exercise supplemental jurisdiction over lone remaining Texas tort claim for false imprisonment).

In conclusion, after weighing all the applicable factors, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and remand this action.

### IV.    MOTION FOR SANCTIONS

Plaintiffs also seek sanctions against Defendants' attorneys for allegedly harassing them, attempting to embarrass and humiliate them in the motion to dismiss, attempting to mislead and deceive the Court to remove the case and obtain an expedited dismissal of the case, and seeking attorney's fees against them. (*See* doc. 15 at 1-3.) In their reply, Plaintiffs specifically invoke Fed. R. Civ. P. 11. (*See* doc. 37 at 2.)

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument

for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. Fed. R. Civ. P. 11(b); *see Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 535-36 (5th Cir. 1990). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits," *Zuffante v. Stephens*, No. 3:13-CV-1146-B, 2013 WL 4829193, at *1 (N.D. Tex. Sept. 9, 2013) (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). "Rule 11 does not extend to 'abusive tactics in litigation in respects other than the signing of papers.'" *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 458 (5th Cir. 2020) (quoting *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc)). Moreover, Fifth Circuit precedent "does not allow the imposition of Rule 11 sanctions merely for the eventual failure of a claim; rather, sanctions are to be applied only where, at the time of the filing, the position advocated is unwarranted." *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997) (citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994)).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *Bell v. Dunn, Johnston & Brown*, No. 3:10-CV-1-M-BH, 2011 WL 759473, at *3 (N.D. Tex. Feb. 7, 2011) (citing *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)), *adopted by* 2011 WL 726114 (N.D. Tex. Mar. 1, 2011). Courts have a duty to "impose the least severe sanction adequate" to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (quoting *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992)); *accord* Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings

are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Rule 11(c)(2) provides that a motion must be made separately from any other motion and must describe the specific sanctionable conduct. Fed. R. Civ. P. 11(c)(2). The rule contains a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* This requirement is strictly construed, and substantial compliance is insufficient. *Morris v. Thaler*, No. 3:12-CV-4916-N, 2013 WL 2383652, at *2 (N.D. Tex. May 31, 2013) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011)). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Pratt*, 524 F.3d at 586-88 (noting courts "have continually held that strict compliance with Rule 11 is mandatory"). A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins*, 202 F.3d at 788. The movant has the burden to show compliance with the safe harbor provision. *See id.*; *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *Morris*, 2013 WL 2383652, at *2.

Here, Plaintiffs have not complied with the requirements in Rule 11. Their request for sanctions is contained within their motions for leave to amend and to remand, and they have also not met their burden to show compliance with the safe harbor provision. Moreover, they have also not met their burden to overcome the presumption that Defendants' filings were presented in good faith. As noted, removal of this action was proper, and nothing in Defendants' filings meets the

Rule 11 standard. Their motion for sanctions under Rule 11 should therefore be **DENIED**.[5]

## V.  RECOMMENDATION

Plaintiffs' motion for leave to amend is **GRANTED,** their motion to remand should be **GRANTED**, and their motion for sanctions should be **DENIED**. Defendants' motion to dismiss should be **DENIED as moot**.

**SO RECOMMENDED** on this 4th day of February, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] To the extent Plaintiffs seek sanctions under 28 U.S.C. § 1927, they have not shown that Defendants' counsel multiplied the proceedings unreasonably and vexatiously. There is no "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and further cautions that except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued, it will be inappropriate under § 1927 to shift the entire financial burden of an action's defense. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *Calhoun*, 34 F.3d at 1297).

13